(20 Misc. Rep. 405.)

HENNESSY v. KENNEY.

(City Court of New York, General Term. May 29, 1897.)

LEASES—CONSTRUCTION.

The owner of a building on land of which she was a lessee, at an annual rental of $1,500, leased a store in the building to defendant for $1,200 a year, with a privilege of renewal at the same rental, unless the owner of the land should increase the rental thereof, in which event defendant should "pay pro rata." *Held*, that the term "pro rata" meant the proportion of the rent paid by defendant to the ground rent (twelve-fifteenths), and therefore, in case of an increase of the ground rent, defendant, on renewing his lease, would have to pay twelve-fifteenths of such increase.

Appeal from trial term.

Action by Forbes J. Hennessy against Bartholomew F. Kenney. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before SCHUCHMAN, O'DWYER, and CONLAN, JJ.

John Delahunty, for appellant.
Whitehead & Titus, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment of dismissal of the plaintiff's complaint. The action was brought to recover the balance of rent due upon certain premises, situated on the northeast corner of Greenwich and Houston streets, in the city of New York, known as No. 585 Greenwich street, in said city. On the 1st day of May, 1894, a lease was made of the store of said premises between Catherine Bradley, the landlord, and the defendant, the tenant, for the term of two years from the 1st day of May, 1894, at the yearly rent of the sum of $900 for the first year, and $1,200 for the second year, "with renewal for the term of five years more at the annual rent hereinbefore mentioned, to wit, the sum of twelve hundred dollars per year, provided always that the Trinity Corporation shall not increase the present rent paid by the party of the first part [namely, Catherine Bradley], then and in that case the party of the second part [the defendant, respondent] shall pay pro rata." Catherine Bradley was a tenant of the Trinity Corporation as to the land. She owned the building. Her lease from the Trinity Corporation expired on the 1st day of May, 1896. The rent reserved in that lease was $1,500 per year. On the 28th day of April, 1896, the Trinity Corporation renewed the lease for the further term of 21

years, at an annual rent of $2,200 per year. This lease was granted to Ellen M. Hennessy, as executrix of the last will and testament of Catherine Bradley, deceased.. Thereafter Ellen M. Hennessy, as such executrix, assigned said lease to the plaintiff (appellant). On May 1, 1896, the defendant (respondent) elected to take advantage of the privilege of renewal contained in the lease to him from Catherine Bradley; and thereupon the plaintiff tendered to him a lease in terms the same as the lease to him from Catherine Bradley, except as to the rent, which is put at the sum of $1,760 per year, with the privilege of renewal for the further term of five years more. The defendant declined to accept that lease, on the ground that he claimed that the rent should not be $1,760 per year, but only $1,329.63 per year. The defendant has paid from May 1, 1896, to the 1st day of November, 1896, at the rate of $1,329.63; and he is sued for the difference between that and the $1,760 per year for the same period.

The sole question of inquiry is, what construction is to be put upon the term "pro rata," applied in the lease? Plaintiff maintains that the term "pro rata" means at the proportion of any increase in the rent which plaintiff was paying before to the Trinity Corporation, to wit, $1,500, with the rent that defendant was paying, $1,200, being twelve-fifteenths, and that twelve-fifteenths of the $700 increased rent is $560, which, added to the $1,200, makes the renewal rental $1,760. Defendant maintains, and the court held with him, that the term "pro rata" means at such proportion of any increase in the rent as defendant's rental is or bears to the net rental of the whole premises, and dismissed the plaintiff's complaint. In this, we think, the court erred. The contracting parties to the lease are bound by its stipulations, which must be construed by the natural import of the words employed, provided they are definite and certain. They stipulated that the renewal rent shall be $1,200, and, in case of an increase in the rent by the Trinity Corporation, the defendant shall pay "pro rata." That means in proportion to the rent the defendant paid before to the plaintiff with the rent the plaintiff before paid to the Trinity Corporation, to wit, twelve-fifteenths. There is nothing uncertain, indefinite, or conjectural in this. The defendant made his bargain in unmistakable terms, and he must stand by it. Defendant's contention that such a construction would make the contract unreasonable, and place the defendant wholly at the mercy of the plaintiff, as held in Russell v. Allerton, 108 N. Y. 288, 15 N. E. 391, does not avail, because that rule is only applicable "where there is uncertainty or doubt as to the meaning of words or phrases used in a contract."

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.